IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                                            **No. CR 10-0697 RB**
                                                                         **USCA No. 13-2016**

**MARTIN MARTINEZ,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's Motion to Extend Time to File Notice of Appeal. (Docs. 38, 43, and 45). Having considered the arguments and submissions of counsel, relevant law, and otherwise being fully advised, the Court grants this motion.

**I.  Background.**

The Indictment charged one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and four counts of distribution of cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Doc. 2). On September 11, 2012, Defendant pled straight up to the Indictment. (Doc. 30). On December 21, 2012, the Court sentenced Defendant to concurrent 60-month terms on each count. (Doc. 33). On December 26, 2012, Defendant's appointed attorney, Mark D'Antonio filed a motion to withdraw. (Doc. 34). On January 2, 2013, the Court granted Mr. D'Antonio's motion to withdraw and substitute counsel was not appointed. (Doc. 35). The Court entered judgment on January 3, 2013. (Doc. 36).

On January 30, 2013, Defendant submitted a pro se letter to the Court. (Doc. 38). In the letter, Defendant stated that he wanted to appeal his sentence. (*Id*.) The letter was docketed as a notice of appeal on January 31, 2013. (*Id*.) On February 11, 2013, the Tenth Circuit Court of

Appeals issued a order noting that Defendant was pro se and appointing Joel M. Carson, III to represent him. (Doc. 41). On February 16, 2013, Mr. Carson filed a supplemental notice of appeal and motion to extend time to file notice of appeal. (Docs. 43 and 44). The Government filed a response in opposition to the extension of time on February 26, 2013, (Doc. 47), and moved to dismiss Defendant's appeal. (Doc. 51). On March 1, 2013, the Court of Appeals tolled briefing on the merits and deferred consideration of the Government's motion to dismiss, pending the district court's ruling on appellant's motion for extension of time. (*Id.*)

## II.     Discussion.

A defendant's notice of appeal must be filed in the district court within 14 days after judgment. FED. R. APP. P. 4(b)(1)(A)(I). The district court may extend the time to file a notice of appeal up to 30 days upon a finding of excusable neglect or good cause. *See* FED. R. APP. P. 4(b)(4). While a timely notice of appeal in a criminal case is not "mandatory and jurisdictional," "the time bar in Rule 4(b) must be enforced by this court when properly invoked by the government." *United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008) (quotation omitted).

The deadline for Defendant to file a notice of appeal expired on January 17, 2013, fourteen days after the date judgment was entered. FED. R. APP. P. 4(b)(1)(A)(I). Defendant mailed his letter stating his desire to appeal on January 30, 2013, thirteen days after the deadline expired. The Court liberally construes this letter as a motion to extend time to file a notice of appeal and as a notice of appeal. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (directing courts to hold *pro se* filings "to less stringent standards than formal pleadings drafted by lawyers"). Thus, the Court may extend the filing time if Defendant shows excusable neglect or good cause. *See* FED. R. APP. P. 4(b)(4).

The factors relevant to an excusable-neglect decision include "the danger of prejudice to

[the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004). "Good cause comes into play in situations in which there is no fault-excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Id.* at 1207 (quotation omitted). The determination is fundamentally an equitable inquiry, taking account of all relevant circumstances. *United States v. Torres*, 372 F.3d 1159, 1161 (10th Cir. 2004).

The Government does not allege that there is a danger of prejudice with a two week delay, that the delay will impact the proceedings, or that Defendant acted in bad faith. Rather, the Government argues that the reason for the delay was within Defendant's reasonable control and he has established neither good cause nor excusable neglect. The Court disagrees. The Tenth Circuit has held that a defendant who is improperly denied the assistance of appointed counsel in pursuing his appeal establishes excusable neglect as a matter of law. *See United States v. Andrews*, 790 F.2d 803, 806-07 (10th Cir. 1986). Defendant was denied the opportunity to pursue his appeal when he was left without counsel at a critical point in the proceedings. In light of these circumstances, Defendant has established excusable neglect.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Extend Time to File Notice of Appeal, (Docs. 38, 43, and 45), is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**